IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SILAS BORDEN, #127 842 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-504-D |
| | (WO) |
| SGT. DAVIDSON, *et al.*, | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 15, 2005 the undersigned directed Plaintiff to forward to the Clerk of Court an inmate account statement to assist the court in determining whether he should be allowed to proceed *in forma pauperis* in this cause of action. (Doc. No. 4.) Plaintiff was cautioned that his failure to comply with the June 15 order would result in a Recommendation that his complaint be dismissed. (*Id.*) On July 8, 2005 the court directed Plaintiff to show cause why his case should not be dismissed for his failure to comply with the court's June 15 order. (Doc. No. 5.)

The requisite time has passed and Plaintiff has not provided the court with his inmate account statement nor has he responded to the court's July 8 order to show cause. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failure to comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before August 11, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of July, 2005.

                                            /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE